IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CHARLES BOWEN, )<br>)<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF BETTENDORF, IOWA and )<br>WHKS & CO., Inc., )<br>)<br>      Defendants. ) | Case No. _____<br><br>JURY DEMANDED |

## PLAINTIFF'S COMPLAINT AT LAW

Plaintiff, CHARLES BOWEN, Individually, by and through his counsel, Devon Bruce, John Holevas, and Marc Gravino and complaining of the defendants, the CITY OF BETTENDORF and WHKS & CO., INC., pleading hypothetically and in the alternative, states as follows:

### INDEX

**COUNT I**
    PLAINTIFF CHARLES BOWEN – NEGLIGENCE – DEFENDANT CITY OF BETTENDORF

**COUNT II**
    PLAINTIFF CHARLES BOWEN – WILLFUL AND WANTON / GROSS NEGLIGENCE – DEFENDANT CITY OF BETTENDORF

**COUNT III**
    PLAINTIFF CHARLES BOWEN – NEGLIGENCE – DEFENDANT WHKS & CO., INC.

**COUNT IV**
    CHARLES BOWEN – WILLFUL AND WANTON/ GROSS NEGLIGENCE – DEFENDANT WHKS & CO., INC.

# JURISDICTION

1. Defendant City of Bettendorf, Iowa ("Bettendorf") is a municipality located in the eastern portion of the State of Iowa, bordering the Mississippi River and is a citizen of the State of Iowa.

2. Defendant WHKS & Co., Inc. ("WHKS") is incorporated in the State of Iowa with its principal place of business located in the State of Iowa, and is a citizen of the State of Iowa. WHKS offers a broad spectrum of engineering, planning, and land surveying services that range from initial design, planning, and funding through total project design and construction.

3. At all relevant times, Charles Bowen resided in Rock Island County, State of Illinois is a citizen of the State of Illinois.

4. On May 22, 2022 and as a result of this occurrence, Charles Bowen suffered serious personal injuries.

5. The damages sought herein are in excess of seventy-five thousand dollars ($75,000) exclusive of interests and costs.

6. The occurrence complained herein occurred on a pedestrian walkway, extending across Moline, Illinois and Bettendorf, Iowa.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1367(a), since plaintiff Charles Bowen is a citizen of the State of Illinois and both defendants are citizens of the State of Iowa, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**FACTS COMMON TO ALL COUNTS**

8. On or about May 22, 2022, at approximately 2:00 a.m., Charles Bowen, Anthony Castaneda, , and one other friend were validly and legally utilizing the pedestrian walkway along Interstate 74 between Moline, Illinois and Bettendorf, Iowa, entering Illinois.

9. On or about May 22, 2022, at approximately 2:00 a.m., a motor vehicle entered onto the pedestrian walkway from Bettendorf, Iowa.

10. On or about May 22, 2022, at approximately 2:00 a.m., the aforesaid motor vehicle struck Charles Bowen, Anthony Castaneda, , and one other friend causing serious personal injury them. Anthony Castaneda died of his injuries. Charles Bowen survived his injuries.

11. On and prior to May 22, 2022, the City of Bettendorf controlled and/or exercised control over the aforesaid pedestrian walkway entrance in Bettendorf, Iowa.

12. On or prior to May 22, 2022, Bettendorf participated in and/or controlled the planning, design, construction, inspection, approvals, opening, and/or maintenance of the aforesaid pedestrian walkway, that connected the City of Bettendorf to the City of Moline, Illinois.

13. On or prior to May 22, 2022, Bettendorf expended municipal funds and/or resources to plan, design, construct, inspect, approve, open, and/or maintain the aforesaid pedestrian walkway, that connected the City of Bettendorf to the City of Moline, Illinois.

14. On or prior to May 22, 2022, WHKS participated in and/or controlled the planning, design, construction, inspection, approvals, opening, and/or maintenance of the aforesaid pedestrian walkway.

15. On and prior to May 22, 2022, the purpose and intent of the aforesaid pedestrian walkway was solely for pedestrians and not for motor vehicles.

16. On and prior to May 22, 2022, numerous existing national standards, criteria, and design theories for pedestrian walkways required the installation of bollards and traffic safety control systems at the entrances to pedestrian walkways.

17. On and prior to May 22, 2022, the aforesaid pedestrian walkway was not designed or constructed in accordance with any generally recognized engineering or safety standard.

18. On and prior to May 22, 2022, no barrier of any kind and/or traffic safety control system was installed at the pedestrian walkway entrance in Bettendorf, Iowa to prevent motor vehicle traffic from traveling on the pedestrian walkway or to warn motor vehicle operators that the pedestrian walkway, that was wide enough to accommodate motor vehicles, was a pedestrian walkway and was not intended to be used by motor vehicles.

## COUNT I
### (CHARLES BOWEN- NEGLIGENCE – City of Bettendorf)

19. Plaintiff hereby incorporates all paragraphs contained in Facts Common to All Counts (¶¶ 1-18) as ¶ 19 herein.

20. On and prior to May 22, 2022, the City of Bettendorf owed a duty of care to all pedestrians utilizing the pedestrian walkway, including but not limited to the Plaintiff, Charles Bowen, to prevent any motor vehicle traffic from utilizing the pedestrian walkway.

21. On and prior to May 22, 2022, the City of Bettendorf owed a duty of care to pedestrians and motor vehicle traffic to properly notify and warn vehicle traffic that the pedestrian walkway was for pedestrian and bicycle traffic only.

22. On and prior to May 22, 2022, the City of Bettendorf owed a duty of care to all pedestrians, including but not limited to the Plaintiff, Charles Bowen, to properly design, construct, inspect, and/or maintain the entrance of the pedestrian walkway in Bettendorf, Iowa.

23. On and prior to May 22, 2022, the City of Bettendorf was negligent and breached the duty of care owed to the Plaintiff, Charles Bowen, in one or more of the following respects:

   a. Failed to design a pedestrian walkway which included bollards and/or other barriers to prevent motor vehicle traffic from utilizing the pedestrian walkway;

   b. Failed to design a pedestrian walkway which included sufficient safety control systems and warnings to motorists so as to prevent motor vehicle traffic from utilizing the pedestrian walkway;

   c. Failed to construct bollards and/or other barriers to prevent motor vehicle traffic on the aforesaid pedestrian walkway;

   d. Failed to properly warn motor vehicle operators that the pedestrian walkway was in fact solely for the use of pedestrians and bicyclists;

   e. Failed to properly inspect the pedestrian walkway for adequate installation of safety control devices;

   f. Failed to design the roadway in such a way as to disallow motor vehicles the ability to drive to the entrance of the pedestrian walkway; and/or

   g. Was otherwise negligent.

24. On or about May 22, 2022, and at all other times material, as a direct and proximate result of the negligence of Defendant City of Bettendorf, Plaintiff Charles Bowen sustained severe personal injuries.

WHEREFORE, Plaintiff, CHARLES BOWEN, demands judgment be entered against the CITY OF BETTENDORF, in a fair and just amount, in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

## COUNT II
## (CHARLES BOWEN- WILLFUL AND WANTON / GROSS NEGLIGENCE – City of Bettendorf)

25. Plaintiff hereby incorporates all paragraphs contained in Facts Common to All Counts (¶¶ 1-18) as ¶ 25 herein.

26. On and prior to May 22, 2022, the City of Bettendorf owed a duty of care not to act in a willful and wanton manner with respect to the design of the entrance of the pedestrian walkway.

27. On and prior to May 22, 2022, the City of Bettendorf knew or should have known that bollards and/or other barriers should have been placed at the entrance of the pedestrian walkway in Iowa.

28. On and prior to May 22, 2022, the City of Bettendorf knew that there were no bollards or barriers to prevent motor vehicles from entering the pedestrian walkway in Iowa.

29. On and prior to May 22, 2022, the City of Bettendorf intentionally opened a pedestrian walkway sufficient to accommodate motor vehicle traffic without any bollards or barricades to protect the safety of pedestrians and bicyclists.

30. On and prior to May 22, 2022, the City of Bettendorf intentionally disregarded the direction of the Iowa Department of Transportation and opened the pedestrian walkway at a time when the walkway was not complete and safe for pedestrian use.

31. On and prior to May 22, 2022, the City of Bettendorf acted in a willful and wanton manner/ gross negligent manner as to Plaintiff, Charles Bowen, in one or more of the following respects:

    a. intentionally designed a pedestrian walkway which did not have bollards or sufficient safety control systems to prevent motor vehicle traffic from utilizing the pedestrian walkway;

    b. intentionally did not install bollards or other barricades to prevent motor vehicle traffic on the aforesaid pedestrian walkway;

    c. intentionally did not warn motor vehicle traffic that the pedestrian walkway was in fact solely for the use of pedestrians and bicyclists and not for motor vehicles; and

    d. was otherwise willful and wanton.

32. On or about May 22, 2022, and at all times material, as a direct and proximate result of the willful and wanton conduct of Defendant, CHARLES BOWEN, sustained severe personal injuries including, but not limited to, pain, suffering, disability, disfigurement and medical expenses.

WHEREFORE, Plaintiff, CHARLES BOWEN, by and through his undersigned attorneys, demands judgment be entered against the CITY OF BETTENDORF, in a fair and just amount, in an excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

## COUNT III
## (CHARLES BOWEN- NEGLIGENCE – WHKS & CO., INC.)

33. Plaintiff hereby incorporates all paragraphs contained in Facts Common to All Counts (¶¶ 1-18) as ¶ 33 herein.

34. On and prior to May 22, 2022, WHKS & CO, INC. owed a duty of care to all pedestrians utilizing the pedestrian walkway, including but not limited to the Plaintiff, Charles Bowen, to prevent any motor vehicle traffic from utilizing the pedestrian walkway.

35. On and prior to May 22, 2022, WHKS & CO., INC. owed a duty of care to pedestrians and motor vehicle traffic to properly notify and warn vehicle traffic that the pedestrian walkway was for pedestrian and bicycle traffic only.

36. On and prior to May 22, 2022, WHKS & CO., INC. owed a duty of care to all pedestrians, including but not limited to the Plaintiff, Charles Bowen, to properly design, construct, inspect, and/or maintain the entrance of the pedestrian walkway in Bettendorf, Iowa.

37. On and prior to May 22, 2022, WHKS & CO., INC. was negligent and breached the duty of care owed to the Plaintiff, in one or more of the following respects:

    h. Failed to design a pedestrian walkway which included bollards and/or other barriers to prevent motor vehicle traffic from utilizing the pedestrian walkway;

    i. Failed to design a pedestrian walkway which included sufficient safety control systems to prevent motor vehicle traffic from utilizing the pedestrian walkway;

    j. Failed to design the roadway in such a way as to disallow motor vehicles the ability to drive to the entrance of the pedestrian walkway; and/or

    k. Was otherwise negligent.

38. On or about May 22, 2022, and at all other times mater, as a direct and proximate result of the negligence of Defendant WHKS & CO., INC., Plaintiff Charles Bowen sustained severe personal injuries including, but not limited to, pain, suffering, disability, disfigurement and medical expenses.

WHEREFORE, Plaintiff, CHARLES BOWEN, demands judgment be entered against the WHKS & CO, INC, in a fair and just amount, in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interests and costs.

### COUNT IV
### (CHARLES BOWEN- WILLFUL AND WANTON / GROSS NEGLIGENCE – WHKS & CO., INC)

39. Plaintiff hereby incorporates all paragraphs contained in Facts Common to All Counts (¶¶ 1-18) as ¶39 herein.

40. On and prior to May 22, 2022, WHSK & CO., INC. owed a duty of care not to act in a willful and wanton matter with respect to the design of the pedestrian walkway at issue.

41. On and prior to May 22, 2022, WHKS & CO., INC. knew or should have known that bollards and/or other barriers should have been placed at the entrance of the pedestrian walkway in Iowa.

42. On and prior to May 22, 2022, WHKS & CO., INC. knew that there were no bollards or barriers to prevent motor vehicles from entering the pedestrian walkway in Iowa.

43. On and prior to May 22, 2022, WHKS CO., INC. intentionally opened a pedestrian walkway sufficient to accommodate motor vehicle traffic without any bollards or barricades to protect the safety of pedestrians and bicyclists.

44. On and prior to May 22, 2022, WHKS CO., INC. intentionally disregarded the direction of the Iowa Department of Transportation and opened the pedestrian walkway at a time when the walkway was not complete and safe for pedestrian use.

45. On and prior to May 22, 2022, WHKS CO., INC. acted in a willful and wanton manner/ gross negligent manner with respect to the plaintiff, Charles Bowen, in one or more of the following respects:

   a. intentionally designed a pedestrian walkway which did not have bollards or sufficient safety control systems to prevent motor vehicle traffic from utilizing the pedestrian walkway;

   b. intentionally did not install bollards or other barricades to prevent motor vehicle traffic on the aforesaid pedestrian walkway;

   c. intentionally did not warn motor vehicle traffic that the pedestrian walkway was in fact solely for the use of pedestrians and bicyclists, and not motor vehicles; and

   d. was otherwise willful and wanton.

46. On or about May 22, 2022, and at all times material, as a direct and proximate result of the willful and wanton conduct of Defendant, CHARLES BOWEN, sustained severe personal injuries including, but not limited to, pain, suffering, disability, disfigurement and medical expenses.

WHEREFORE, CHARLES BOWEN, by and through his undersigned attorneys, demands judgment be entered against WHKS & CO., INC., in a fair and just amount, in an excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AS TO ALL COUNTS**

Respectfully Submitted,

s/Devon C. Bruce
Counsel for Plaintiff

Devon C. Bruce
Power Rogers, LLP
70 West Madison, #5500
Chicago, IL  60602
Tel: 312/236-9381
dbruce@powerrogers.com

John Holevas
Marc Gravino
WilliamsMcCarthy, LLP
120 West State Street
Rockford, IL  61105
Tel: 815/987-8900
jholevas@wilmac.com
mgravino@wilmac.com