UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CHARLES BOWEN,                   )<br>                                                  )<br>         Plaintiff,                       )<br>                                                  )<br> v.                                              )      Case No. 4:23-cv-04069-SLD-JEH<br>                                                  )<br>CITY OF BETTENDORF and WHKS & )<br>CO., INC.,                                 )<br>                                                  )<br>         Defendants.                   )<br>                                                  )<br>CITY OF BETTENDORF,          )<br>                                                  )<br>         Cross-Plaintiff,              )<br>                                                  )<br> v.                                              )<br>                                                  )<br>WHKS & CO., INC.,                )<br>                                                  )<br>         Cross-Defendant.         )  | |

ORDER

Before the Court is Defendant/Cross-Defendant WHKS & Co., Inc.'s ("WHKS") Application for Interlocutory Appeal of the Court's Order Denying Its Motion to Dismiss Complaint and Motion to Dismiss Counterclaim, ECF No. 29. For the reasons that follow, the application is DENIED.

**BACKGROUND**

Plaintiff Charles Bowen filed suit against Defendants City of Bettendorf ("the City") and WHKS arising out of a collision on the pedestrian walkway along the Interstate 74 bridge between Moline, Illinois and Bettendorf, Iowa that caused Plaintiff to sustain severe injuries. *See generally* Compl., ECF No. 1.

1

The City filed a contribution claim against WHKS, claiming that if it is found liable to Plaintiff, it "should be entitled to contribution from [WHKS] in an amount commensurate with its relative degree of culpability in causing the injuries or damages complained of by Plaintiff." Answer, Affirmative Defenses & Countercl. 11–12, ECF No. 6. Though styled as a counterclaim, *id.* at 11, this is a crossclaim as it is a claim by one defendant against another defendant. *See* Fed. R. Civ. P. 13(g).

WHKS moved to dismiss Plaintiff's claims against it and the City's crossclaim, arguing that the Court lacked personal jurisdiction over it. Mot. Dismiss Compl., ECF No. 10; Mot. Dismiss Countercl., ECF No. 14. On January 8, 2024, the Court denied these motions, finding it could exercise personal jurisdiction over WHKS. *See, e.g.*, Order 6–9, ECF No. 23. WHKS now requests that the Court authorize it to seek an interlocutory appeal of the January 8, 2024 Order under 28 U.S.C. § 1292(b). Appl. 2. Plaintiff argues that the application is untimely and that the Court cannot apply § 1292 because the statutory criteria are not met. Resp. Appl. 3–8, ECF No. 33. The City did not file a response to the application.

## DISCUSSION

### I. Legal Standard

If an order is not otherwise appealable under 28 U.S.C. § 1292 but the district court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," the court "shall so state in writing in such order." 28 U.S.C. § 1292(b). Doing so gives the Court of Appeals discretion to permit an appeal from the order "if application is made to it within ten days after the entry of the order." *Id.* If a court does not include a § 1292(b) certification in its original order, it may amend the order to

include such a certification. *See* Fed. R. App. P. 5(a)(3). The court should not certify an order for interlocutory appeal under § 1292(b) unless it involves "a question of *law*" that is "*controlling*" and "*contestable*," resolution of which would "promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000).

## II. Analysis

### a. Timeliness

Plaintiff contends that certification under § 1292(b) would be improper because WHKS delayed bringing its application for appeal and "failed to state a proper reason." Resp. Appl. 3–4. He argues that "[t]he timeliness of the certification is measured from the date of the original ruling to the date of the certification order." *Id.* Accordingly, he argues that there would be "[a]t least one-and-a-half months . . . between the Court's January 8th ruling and hypothetical certification order." *Id.*

Plaintiff misstates the timeliness requirements. The ten-day limit runs from when the district court certifies an order for appeal to the time the application to the Seventh Circuit is made. *See Groves v. United States*, 941 F.3d 315, 319 (7th Cir. 2019). "In other words, the clock does not start until the litigant is actually authorized to file a petition." *Id.* The Court's original January 8, 2024 Order did not include a § 1292(b) certification. If the Court were to deem such a certification warranted, it would amend its January 8, 2024 Order to include it. *See id.* The ten-day limit would run from the date of any amended order. *Id.*

The Seventh Circuit has stated, however, that a litigant should file a request to certify an order under § 1292(b) "within a *reasonable time* after the order sought to be appealed." *Ahrenholz*, 219 F.3d at 675; *Richardson Elecs., Ltd. v. Panache Broad. of Penn., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000) ("[A] district judge should not grant an inexcusably dilatory request . . .

3

."). But Plaintiff has not specifically argued that WHKS's application was not filed within a reasonable time with citations to appropriate, relevant case law. The Court will not make the argument for him. *United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000) ("It is not th[e] court's responsibility to research and construct the parties' arguments."). The Court declines to find the request for certification untimely.

    **b. Statutory Requirements**

Again, for an order to be certified under § 1292(b) for immediate appeal, "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz*, 219 F.3d at 675. WHKS argues that these four conditions are met: personal jurisdiction is a question of law, has the potential to be dispositive, there is "substantial ground for a difference of opinion" as to personal jurisdiction under the circumstances of this case, and "[p]ermitting this appeal will either resolve this case now or at least avoid a later reversal based on a threshold issue after the parties have already expended substantial time and money." Mem. Supp. Appl. 4, ECF No. 29-1. Plaintiff argues the requirements of § 1292(b) are not met because the legal question at issue depends on the facts and WHKS has not pointed to conflicting authorities. *See* Resp. Appl. 4–8.

The Court can resolve this request on condition one. "'[Q]uestion of law,' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine. . . ." *Ahrenholz*, 219 F.3d at 676. The phrase refers to "a 'pure' question of law rather than merely to an issue that might be free from a factual contest." *Id.* at 676–77. "[I]f a case turn[s] on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case." *Id.* at 677.

While personal jurisdiction is a question of law, *see Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995), this case does not involve a pure, abstract question of law that the Court of Appeals could decide without reference to the record as required for § 1292(b) certification. Rather, as WHKS acknowledges, the question the Court of Appeals would be tasked with deciding is whether the facts support finding personal jurisdiction. *See* Mem. Supp. Appl. 5 (identifying the question for review as "whether Plaintiff has *alleged sufficient facts* supporting personal jurisdiction over WHKS given WHKS's role in constructing the Iowa portion of an interstate bridge" (emphasis added)). The Court's ruling on personal jurisdiction was based in part on exhibits provided by Plaintiff which demonstrated meetings with Illinois officials and contracts referencing the scope of the interstate bridge project. *See, e.g.* Order 6–9. And WHKS disputed the meaning and import of some of those exhibits. *See* Reply Mot. Dismiss 5–6, ECF No. 24.

A question of personal jurisdiction may be appropriate for an interlocutory appeal but not where the issue is so fact dependent and involves a mere application of existing law. *See One Res. Grp. Corp. v. Crawford*, NO. 1:19-CV-445 DRL-SLC, 2020 WL 6779169, at *2 (N.D. Ind. 2020) ("Mr. Crawford does not frame the question as an abstract one related to the constitutional requirements for specific personal jurisdiction. Instead, Mr. Crawford offers the question as one of legal application—whether this court has specific personal jurisdiction over him—which is not a question of law under § 1292(b)."); *Sagez v. Columbus McKinnon Corp.*, No. 14-CV-1397-NJR-SCW, 2017 WL 11444528, at *2 (S.D. Ill. Feb. 14, 2017) (holding that the determination of whether the foreign defendants were subject to personal jurisdiction in Illinois did "not involve a pure question of law or abstract legal issue" but instead would "necessarily require the Seventh Circuit to ultimately hunt through the record" and citing cases making similar conclusions).

WHKS's citations to cases which it states support certifying this issue of personal jurisdiction for interlocutory appeal are unpersuasive to the Court.  *See* Mem. Supp. Appl. 4 (citing *B.D. ex rel Myer v. Samsung SDI Co.*, 91 F.4th 856, 859 (7th Cir. 2024); *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803–04 (7th Cir. 2014); *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 756 (7th Cir. 2010); *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1241–42 (7th Cir. 1990); *Interstate Indus., Inc. v. Barclay Indus., Inc.*, 540 F.2d 868, 869, 873 (7th Cir. 1976); and *Johnson v. Burken*, No. 89 C 1580, 1991 WL 222096, at *2 (N.D. Ill. Oct. 21, 1991)).  *Johnson*, *Interstate Industries*, and *Wilson* all predate *Ahrenholz*, the case in which the Seventh Circuit clarified for district courts that a question of law for § 1292(b) is "an abstract legal issue."  *Ahrenholz*, 219 F.3d at 677.

Moreover, the cases cited by WHKS are all distinguishable or unhelpful.  *Wilson* involved questions of subject matter jurisdiction, personal jurisdiction, and *forum non conveniens*, and it is not clear which questions led the district court to certify the case for immediate appeal under § 1292(b).  *See Wilson*, 916 F.2d at 1241–42.  *Advanced Tactical Ordnance* does not involve § 1292(b), so it is inapposite entirely.  *See Advanced Tactical Ordnance*, 751 F.3d at 799 (indicating that appellate jurisdiction was under 28 U.S.C. § 1292(a)(1)).

While the other cases do involve personal jurisdiction orders that were certified under § 1292(b), they involve more abstract, novel legal questions than this case.  In *Johnson*, the Seventh Circuit had to decide "[w]hether strict or substantial compliance [wa]s the test under the Illinois nonresident motorist statute."  *Johnson v Burken*, 930 F.2d 1202, 1205 (7th Cir. 1991).  In *Interstate Industries*, the question that resolved the jurisdictional issue was whether correspondence between the parties created an enforceable contract to deliver goods in Indiana.

6

*Interstate Indus.*, 540 F.2d at 870.  And in *Hemi Group*, the question of law was whether "Internet sales alone, even though taking place on the Pueblo of Jemez in New Mexico, [we]re sufficient to confer specific jurisdiction in Illinois."  Hemi Group Pet. Permission Appeal 1, *Illinois v. Hemi Grp. LLC*, No. 08-8036 (7th Cir. Dec. 29, 2008), Doc. 1.  Neither the petition for permission to appeal in *B.D.*, see Samsung Pet. Permission Appeal 6, *B.D. ex rel Myers v. Samsung SDI Co.*, No. 22-8020 (7th Cir. Nov. 28, 2022), Doc. 1, nor the appellate court's order, *B.D.*, 91 F.4th at 860, contain much, if any, analysis of why the case involved a pure question of law as described by *Ahrenholz*.  But the appellant did argue that the district court had read a recent Supreme Court case too broadly.  *See* Samsung Pet. Permission Appeal 7 (citing *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021)).

Nothing about the Court's January 8, 2024 Order lends itself to a finding that the case involves an abstract issue of law like in *Johnson*, an issue that could be decided by interpreting a particular Supreme Court case like in *B.D.*, or the application of legal principles to a broad, novel, and undisputed set of facts like in *Hemi Group* or *Interstate Industries*.  *Cf. In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 626–27 (7th Cir. 2010) (finding § 1292(b) certification appropriate where the issue was whether the complaint stated a claim because the legal standard had recently been announced by the Supreme Court and its scope was unsettled but noting that "routine applications of well-settled legal standards to facts alleged in a complaint are [not] appropriate for interlocutory appeal").

## CONCLUSION

Accordingly, Defendant/Cross-Defendant WHKS & Co., Inc.'s Application for Interlocutory Appeal of the Court's Order Denying Its Motion to Dismiss Complaint and Motion to Dismiss Counterclaim, ECF No. 29, is DENIED.

Entered this 29th day of February, 2024.

                                                s/ Sara Darrow
                                                SARA DARROW
                                                CHIEF UNITED STATES DISTRICT JUDGE